# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC I. EISEN, | ) | |
| | ) | Civil Action No. 13 - 1156 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| GERALD ROZUM, *Superintendent,* | ) | |
| *State Correctional Institution at* | ) | ECF Nos. 5, 15-27 |
| *Somerset, Pennsylvania*, and THE | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Pending before the Court is a Motion to Dismiss the Petition for Writ of Habeas Corpus (the "petition" or "instant petition") filed by the Respondents who assert that the petition is an unauthorized second or successive petition which this Court may not consider for lack of subject matter jurisdiction.[1] For the following reasons, the Respondents' Motion will be granted.

**A. Background**

The Court writes primarily for the parties who are familiar with the litigation surrounding this case. In sum, Eric I. Eisen ("Eisen") pled guilty to second degree murder for the February 8, 1993 shooting death of Daniel Bostedo. On May 23, 1994, the Court of Common Pleas of Allegheny County sentenced him to a life sentence without parole, which was the sentence that he would have received had he gone to trial and been convicted of first or second degree murder

---

[1] The petition was filed on August 9, 2013, pursuant to 28 U.S.C. § 2254.

(the Commonwealth was not seeking the death penalty in this case). In exchange for his guilty plea, Eisen received as consideration a "Sentencing Exhibit," which consisted of documents placed in his file for purposes of gubernatorial clemency consideration.[2] Importantly, at the time Eisen pled guilty, the gubernatorial clemency provisions of the Pennsylvania Constitution provided that the Board of Pardons ("the Board") consist of the following five members: (1) the Lieutenant Governor; (2) the Attorney General; (3) a member of the bar; (4) a penologist, and (5) a doctor of medicine, psychiatrist or psychologist. *See* Pa. Const. art. IV, § 9(b) (1994). Additionally, only a majority vote of the Board was needed to recommend commutation or pardon of an inmate's sentence. Id. According to Eisen, he entered into the plea agreement based, *inter alia*, on the past success rate for clemency petitions in Pennsylvania. *See* ECF No. 8 at p.2 (Memorandum in Support of Petition).

On November 4, 1997, the operating procedure of the Board of Pardons was amended to require a unanimous instead of majority vote by the Board to recommend commutation of a life or death sentence to the Governor. *See* Pa. Const. art. IV, § 9(a) ("no pardon shall be granted, nor sentence commuted, except . . . in the case of death or life imprisonment, on the unanimous recommendation in writing of the Board of Pardons . . . ."). The membership procedures of the Board were also amended to substitute a "crime victim" for a "member of the bar," and a "corrections expert" for a "penologist." *See* Pa. Const. art. IV, § 9(b) ("One shall be a crime victim, one a corrections expert . . . ."). Because of this change, the total number of

---

[2] Under the Constitution of the Commonwealth of Pennsylvania, the Governor is empowered in all criminal cases, except in cases of impeachment, to grant reprieves, commutation of sentences and pardons. Pa. Const. art. IV, § 9(a). The Governor's decision whether to commute a sentence is based upon recommendations made by the Pennsylvania Board of Pardons, also part of the executive branch. Pa. Const. art IV, § 9(a). The Board of Pardons is a board of clemency which is constitutionally ordained to recommend to the Governor of Pennsylvania the grant or denial of clemency, *i.e.*, commutation of sentence or pardon of persons who have been convicted of and sentenced for crime.

recommendations by the Board for commutation of life sentenced prisoners has drastically decreased.[3]

Following his conviction, Eisen did not file post sentence motions, nor did he file an appeal with the Pennsylvania Superior Court ("Superior Court"). He did, however, collaterally attack his judgment of sentence on three occasions in petitions he filed pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA") and/or state habeas corpus. In the first two petitions, filed on December 28, 1995 and August 25, 2003,[4] respectively, the PCRA court granted Eisen relief and vacated his guilty plea. However, the Commonwealth appealed and the Superior Court reversed both times, ultimately reinstating Eisen's judgment of sentence. The Superior Court found the third petition, which was filed on November 23, 2010, to be untimely and application for review was denied by the Pennsylvania Supreme Court on December 4, 2012.

Importantly, following the denial of his first PCRA petition, Eisen filed, pursuant to 28 U.S.C. § 2254, a petition for federal habeas corpus relief in this Court on October 1, 1999 (the "October 1999 petition"). *See* C.A. No. 99-1624 (W.D. Pa). Magistrate Judge Kenneth J. Benson issued a Report, recommending that the October 1999 petition be denied on the merits, and on April 5, 2002, it was adopted as the Opinion of the Court by United States District Judge

---

[3] According to the Pennsylvania Board of Pardons' website, the number of applications for commutation of life sentenced prisoners heard by the Board from 1971-1994 (under the Administrations of Governors Shapp, Thornburgh and Casey) was 1,357. Of those heard by the Board, 460 were recommended to the Governor and 285 were granted. Since the enactment of the amendments in 1997, the Board has heard 29 applications and recommended 10. Of those 10, only 6 have been granted by the Governor (under the Administrations of Governors Ridge, Schweiker, Rendell and Corbett).
http://www.portal.state.pa.us/portal/server.pt/community/statistics/19543/commutation_of_life_sentence_1971_-_present/765885 (last visited on March 19, 2014).

In PA Prison Society v. Cortes, 622 F.3d 215 (3d Cir. 2010), the Third Circuit Court of Appeals upheld the constitutionality of the 1997 amendments to the Pardons Board.

[4] It is unclear from the record, but it is possible that the second PCRA petition was actually filed on September 19, 2003.

Gary L. Lancaster. The Third Circuit Court of Appeals subsequently denied a certificate of appealability ("COA") on February 23, 2003. Five years later, Eisen filed a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. Rule 60(b). United States Magistrate Judge Amy Reynolds Hay issued a very thorough Report and Recommendation on September 2, 2009, recommending that the motion be denied. District Judge Gary Lancaster adopted the Report and denied the Rule 60(b) motion on September 22, 2009. The Third Circuit denied a COA on December 29, 2009.

In January 2009, after almost fifteen years in prison, Eisen filed his first clemency application with the Board of Pardons. It was denied without a public hearing on November 17, 2011.

Eisen raises one claim for relief in the instant habeas petition: that the Commonwealth's 1997 change in state law substantially impaired his 1994 plea agreement and the reasonable expectations contained therein; and, as a result, the change in law, as applied to him, constitutes a constitutional violation of the Contracts Clause of the United States Constitution. As relief, Eisen requests that this Court vacate his guilty plea, thus invalidating his May 23, 1994 judgment of sentence, or order review of his next pardon application pursuant to the pardon provisions in effect at the time of his plea bargain.

### B. Second or Successive Habeas Petition

Section 2254 provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

States."[5] 28 U.S.C. § 2254(a). See also id. § 2254(b) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . ."). In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132 § 104, 110 Stat. 1214. AEDPA "established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody[.]" Burton v. Stewart, 549 U.S. 147, 152 (2007) (*per curiam*) (citing 28 U.S.C. § 2244(b)). In relevant part, before filing a "second or successive" habeas petition with the district court, the state prisoner first must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of a second or successive petition only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). Id. at 153 (citing, *inter alia*, § 2244(b)(3)(C)).

Section 2244(b)'s requirement that prisoners obtain authorization from the appropriate court of appeals before filing "a second or successive habeas corpus application under section 2254" with the district court is jurisdictional. Id. at 149. Therefore, before this Court may proceed any further with this case, it must be determined whether the instant petition is subject to § 2244(b)'s requirements, since Eisen has already litigated one federal habeas corpus petition with this Court (the October 1999 petition).

C. Discussion

---

[5] Although the statutes discussed herein refer to a habeas "application," this Court shall use the word "petition" interchangeably with the word "application," as does the U.S. Supreme Court in its cases.

Eisen adamantly argues that his habeas petition is not a "second or successive" petition and so he does not have to apply for an order with the Court of Appeals and this Court (not the Third Circuit) has jurisdiction over his petition. ADEPA does not define the phrase "second or successive." In Magwood v. Patterson, 561 U.S. 320, 130 S. Ct. 2788 (2010), the Supreme Court reiterated that it is a "term of art" and that:

> [t]o determine its meaning, we look first to the statutory context. The limitations imposed by § 2254(b) apply only to a "habeas corpus application under § 2254," that is, an "application for a writ of habeas corpus on behalf of a person in custody pursuant to *the judgment* of a State court." § 2254(b)(1) (emphases added). The reference to a state-court judgment in § 2254(b) is significant because the term "application" cannot be defined in a vacuum. A § 2254 petitioner is applying for something: His petition "*seeks invalidation* (in whole or in part) *of the judgment* authorizing the prisoner's confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 83, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (emphasis added). If his petition results in a district court's granting of the writ, "the State may seek a *new* judgment (through a new trial or a new sentencing proceeding)." *Ibid*. (emphasis in original). Thus, both § 2254(b)'s text and the relief it provides indicate that the phrase "second or successive" must be interpreted with respect to the judgment challenged.

Magwood, 130 S. Ct. at 2797.

In support of Eisen's argument that his petition is not "second or successive", he primarily relies on Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005), in which the Third Circuit found an inmate's habeas petition to be a successive petition because the inmate knew all of the facts necessary to raise his parole-related claim at the time he filed his first habeas petition and could have raised his claim in that petition. Eisen argues that he, unlike Benchoff, could not have raised his claim in his October 1999 petition because he did not know of the claim, nor could have known of it at the time of the filing of, or even the disposition of, that petition. Specifically, he argues that because the challenged conduct here (the "breach of contract" and the "denial of his commutation application") did not occur until 2011, he could not have raised

the claim in his October 1999 petition. Eisen's arguments as to why his habeas petition is not second or successive are unpersuasive.

The Supreme Court has expressly rejected this "claim-by-claim" approach that Eisen uses to support his position. *See* Magwood, 130 S. Ct. at 2798. Instead, it has held that the "second or successive" determination is made as to a petition as a whole, not as to claims within a petition. Id. ("AEDPA uses the phrase 'second or successive' to modify 'application[,]' [not] to modify 'claims'."). Of course, it is well-settled that not all section 2254 petitions filed second or successively in time fall within section 2254(b)'s provisions just because they involve a state court judgment already challenged in a prior 2254 application. Panetti v. Quarterman, 551 U.S. 930, 947 (2007) ("In the usual case, a petition filed second in time and not otherwise permitted by the terms of 2254 will not survive AEDPA's 'second or successive' bar. There are, however, exceptions."). In certain circumstances, a petitioner may raise a claim in a second or successive in time petition that was unripe when he litigated his first petition and not be required to receive authorization under section 2244(b) from the court of appeals before he files it with the district court. For example, when the first petition was dismissed for lack of exhaustion, the subsequent habeas corpus petition is not "second or successive" under section 2254(b). *See*, *e.g.*, Slack v. McDaniel, 529 U.S. 473, 478, 487 (2000). Likewise, the Supreme Court has held that a death row inmate arguing in a second-in-time petition that his mental illness rendered him incompetent to be executed is not raising a "second or successive" petition because such incompetency based claims are not ripe until the execution date is set. *See*, *e.g.*, Panetti, 551 U.S. at 944 ("Congress did not intend the provisions of AEDPA addressing 'second or successive' petitions to govern a filing in the usual posture presented here: a 2254 application raising a Ford-based incompetency claim filed as soon as the claim is ripe."). *See also* Stewart v. Martinez-Villareal, 523 U.S. 637

(1998). And, as Benchoff suggests, when a state prisoner is challenging certain decisions made by agencies such as a parole board (*i.e.*, claims challenging the "administration" of the sentence), he may raise that challenge in a second-in-time petition even though he already litigated a prior petition that challenged his underlying conviction or sentence, but only if the claim was not available to him when he litigated the first petition.[6]

None of the above-cited exceptions are applicable to Eisen's case. It is does not appear that Eisen is challenging the Pardons Board denial of his request for commutation. To the extent that he is, the claim is not cognizable on habeas review.[7] Instead, Eisen's claim is another attack on his underlying judgment of sentence. No matter how artfully framed by his attorneys, Eisen is seeking to invalidate his state court judgment authorizing his confinement by arguing that his guilty plea was rendered invalid or substantially impaired by the change in Pennsylvania Board

---

[6] Eisen either misunderstands the holding of Benchoff, or purposely misrepresents it in an attempt to "muddy the water." Eisen's interpretation of Benchoff is that if a prisoner does not know the facts necessary to raise a claim until after he has already filed his first habeas petition, then the following petition, in which the claim is raised, is not second or successive. This is simply incorrect.

Benchoff was challenging the "administration" of his sentence, and while "courts have permitted a petitioner to challenge the administration of his or her sentence in a subsequent habeas petition," it is only when the "challenged conduct has occurred *after* the filing of the earlier petition." Benchoff, 404 F.3d at 818 (citing James v. Walsh, 308 F.3d 162 (2d Cir. 2002) (habeas petition challenging that state department of corrections had erred in its calculation and application of inmate's sentence was not second or successive); Hill v. Alaska, 297 F.3d 895 (9th Cir. 2002) (challenge to calculation of parole date was not second or successive but claim attacking his underlying conviction on double jeopardy grounds was second or successive); In re Cain, 137 F.3d 234 (5th Cir. 1998) (*per curiam*) (habeas petition challenging disciplinary proceedings wherein inmate lost good conduct time was not second or successive)). The reason the Third Circuit determined that Benchoff's petition was a "second or successive" petition is because the conduct that he was challenging occurred *before* the filing of his first petition. Not only is Eisen challenging his *judgment* of sentence, and not the *administration* of his sentence, he is also challenging conduct that occurred *before* the filing of his October 1999 petition – *i.e.*, the amendments to Pennsylvania Board of Pardons law in 1997.

[7] *See*, *e.g.*, Whitmore v. Gaines, 24 F.3d 1032, 1034 (8th Cir. 1994); Woratzeck v. Stewart, 118 F.3d 648, 653 (9th Cir. 1997) (*per curiam*) (clemency claims are not cognizable under federal habeas law); Valle v. Secretary, Florida Dept. of Corrections, 654 F.3d 1266, *cert. denied*, 132 S. Ct. 73, 180 (2011) (*per curiam*) ("Petitions under § 2254 cannot be brought to challenge the process by which clemency decisions are made when issuance of a writ would not actually or impliedly invalidate a sentence.") Habeas relief can only be granted on claims that a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A challenge to state clemency procedures and proceedings does not represent an attack on a prisoner's detention – *i.e.*, his conviction or sentence – and thus does not constitute a proper ground for relief.

of Pardons membership and operating procedures in 1997. Furthermore, similar to Benchoff, Eisen's "breach of contract" claim was available to him when he filed the October 1999 petition because the change in Pennsylvania law with regard to the Board of Pardons occurred in 1997. Thus, the instant petition is an unauthorized second or successive application for habeas relief.[8] Finally, the Court finds his arguments unconvincing as to why this claim was not available at the time he filed his October 1999 petition.

Because Eisen did not obtain permission from the Third Circuit Court of Appeals to file the instant petition, the Court will grant the Motion to Dismiss and dismiss the petition for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1).

**D. Certificate of Appealability**

The Court will decline to issue a COA because Eisen has not made a substantial showing of the denial of a constitutional right or shown that jurists of reason would disagree that this is a second or successive habeas petition. *See*, *e.g.*, Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural ground); Walker v. Government of the Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000).

The Court's Order will issue separately.

Dated: March 25, 2014.

---

[8] In any event, Eisen's claim is unexhausted and procedurally defaulted because the Pennsylvania Superior Court determined that his third PCRA petition, in which this claim was presented, was time-barred and that Eisen did not satisfy any exception to the time bar provisions of the PCRA because "[t]he amendments to the Board of Pardons procedures were enacted on November 4, 1997. . . . [and] if [Eisen] had a claim, it was in November 1997, not thirteen years later." To the extent Eisen argues that the state court was incorrect in finding the petition untimely, or in failing to review it as a state habeas petition, alleged errors in collateral proceedings are not cognizable on federal habeas review. Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004) (noting that "habeas proceedings are not the appropriate forum" to pursue claims of error in PCRA proceeding); Abu-Jamal v. Horn, 520 F.3d 272, 297 (3d Cir. 2008), *rev'd on other grounds*, Beard v. Abu-Jamal, 498 U.S. 993 (2010).

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge


cc: Counsel of Record