IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIC I. EISEN, )
) Civil Action No. 13 – 1156
Petitioner, )
)
v. ) Chief Magistrate Judge Lisa Pupo Lenihan
)
GERALD ROZUM, Superintendent, )
State Correctional Institution at )
Somerset, Pennsylvania, and THE )
ATTORNEY GENERAL OF THE )
STATE OF PENNSYLVANIA, )
)
Respondents. )

**MEMORANDUM ORDER**

Pending before the Court is a Motion to Alter or Amend Judgment filed by Petitioner pursuant to Federal Rule of Civil Procedure 59. (ECF No. 30.) He contends that this Court made manifest errors of law and/or fact in its March 25, 2014 Opinion and Order which dismissed his Petition for Writ of Habeas Corpus for lack of jurisdiction. *See* ECF Nos. 28, 29.

A party seeking to alter or amend a standing judgment must demonstrate: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Petitioner contends that the Court made two manifest errors of law and/or fact that necessitate the need to alter or amend the judgment in this case.

First, Petitioner claims that the Court was incorrect when it found that Petitioner's "breach of contract" claim was available to him when he filed his October 1999 habeas petition since the change in Pennsylvania law with regard to the Board of Pardons occurred in 1997, before he filed his October 1999 habeas petition. Petitioner contends that this finding is incorrect because at the time he filed his October 1999 habeas petition the vote which had changed the law with regard to the Board of Pardons had been declared "null and void" by the Commonwealth Court of Pennsylvania on March 22, 1999, and the changes were not reinstated until more than two years later when, by decision dated July 25, 2001, the Pennsylvania Supreme Court reversed the decision of the Commonwealth Court. *See* PA Prison Society v. Commonwealth, 776 A.2d 921 (Pa. 2001). Thus, according to Petitioner, the changes were not in effect as of the time he filed his October 1999 petition. Whether or not Petitioner's breach of contract claim was legally available to him at the time he filed his October 1999 habeas petition is not worth discussion because this finding was not why this Court determined that the instant petition is an unauthorized second or successive application for habeas relief. Instead, it found so because Petitioner is seeking to invalidate his state court judgment authorizing his confinement, which he has already done by way of his October 1999 habeas petition. Whether the breach of contract claim was available to him at that time does not change the Court's conclusion.[1]

---

[1] Nevertheless, the Court finds Petitioner's argument as to why this claim was not available to him at the time he filed his October 1999 petition to be entirely unpersuasive. The amendments to the operating procedures to the Board of Pardons were approved by the electorate on November 4, 1997, and while the Commonwealth Court declared them to be "null and void" on March 22, 1999, that decision was appealed to the Pennsylvania Supreme Court three days later, over six months before Petitioner filed his habeas petition in this Court on October 1, 1999. Despite the state of the law at the time Petitioner filed his October 1999 petition, and the fact that the Pennsylvania Supreme Court did not issue its reversal until July 25, 2001, at the very least Petitioner was on notice that the Commonwealth Court's decision was on appeal and could potentially be reversed. Moreover, if, in fact, Petitioner is correct in that his "breach of contract" claim was not available to him until the Pennsylvania Supreme Court issued its opinion reversing the Commonwealth Court, Petitioner has not explained why he waited until November 23, 2010, over nine years later, to raise this claim for the first time in state court. His allegation that the claim was not "ripe" until he was denied clemency on November 17, 2011, does not change the fact that the instant petition is still

Second, Petitioner claims that the Court erred in finding that the instant habeas petition is an attack on his 1994 state court judgment, which was the same judgment that he attacked in his October 1999 habeas petition. Petitioner contends that the Court is incorrect because his 1994 judgment and concomitant plea bargain had been "altered" by the Amendments to the Board of Pardons since it made it substantially more difficult for him to receive a pardon. Thus, according to Petitioner, he was technically "resentenced" when the Amendments were enacted and therefore his petition is not a second or successive petition. In support of his argument, Petitioner cites to cases where courts have found subsequent habeas petitions not to be second or successive petitions. However, in each of those cases the petitioner had been resentenced prior to filing the subsequent habeas petition. Such is not the case here no matter how much the Amendments to the Board of Pardons were "akin" to a resentencing as argued by Petitioner. The United States Supreme Court has stated that to determine whether a habeas petition is "second or successive" a federal court must look at "the judgment challenged." Magwood v. Patterson, 130 S. Ct. 2788, 2797 (2010). Here, Petitioner is challenging the same judgment of conviction and sentence that he originally challenged in his October 1999 habeas petition. Accordingly, the Court has little difficulty finding the latest habeas petition to be "second or successive". There are no grounds to alter or amend the Court's judgment. Therefore,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend Judgment (ECF No. 30) is **DENIED**.

Dated: May 19, 2014.

---

a second or successive habeas petition because he is attacking the same judgment of sentence that he attacked in his October 1999 petition. This was more than adequately explained in the Opinion of this Court dated March 25, 2014. *See* ECF No. 28 (stating that "[The Supreme Court] has held that the 'second or successive' determination is made as to a petition as a whole, not as to claims within a petition.") (citing Magwood, 130 S. Ct. at 2798.)

/s/ Lisa Pupo Lenihan

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Counsel of Record
*Via CM/ECF Electronic Mail*